UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. JOE SCHROEDER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SDSU POLICE, SAN DIEGO COUNTY POLICE, LAVIN CENTER, BERNIE SCHROEDER, CYRUS MATASHORI, and DOES,<br><br>　　　　　　　　　　Defendants. | Case No.: 16cv2916-JLS (JMA)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 6) |

　　　Presently before the Court is Plaintiff C. Joe Schroeder's Motion to Amend Original Complaint. ("Mot. to Amend," ECF No. 6.) The Court previously stated that Plaintiff was allowed to submit an amended complaint without so moving the Court, (ECF No. 4), so the Court construes this filing as Plaintiff's First Amended Complaint ("FAC"). Nevertheless, for the reasons discussed below, the Court *sua sponte* dismisses Plaintiff's FAC without prejudice.

/ / /

/ / /

/ / /

# LEGAL STANDARD

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.");[1] *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

---

[1] This should quell Plaintiff's concerns over the Court citing "prison case law." (*See* FAC 3–4 ("The court citing prison case law seemed out of place. Does the Court think Plaintiff, owner of a billion dollar brand has ever been to prison? That's not the case. Yet that would be a good way to steal someone's Billion dollar brand. It seems to lean toward prejudice.").)

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Plaintiff's FAC appears to be a chronicling of various alleged injustices. For these wrongs Plaintiff seeks over $225,000 for (1) delayed MBA degree completion, (2) character attacks, slander, and libel, and (3) assault and battery. (FAC at 7.[2]) Plaintiff fails to plead a plausible claim for relief under each count.

First, Plaintiff seeks damages for "delayed MBA degree completion." (*Id.*) But, just as the Court previously found, Plaintiff again fails to provide any authority supporting this cause of action, and more fundamentally fails to plausibly demonstrate that he is in fact a San Diego State University ("SDSU") student entitled to take courses on campus.[3] Additionally, Plaintiff claims that his Free Application for Federal Student Aid ("FAFSA") was somehow hacked. Specifically, Plaintiff argues that after he tried to finish his saved

---

[2] Pin citations to docketed materials refer to the CM/ECF numbers electronically stamped at the top of each page.

[3] Just because Plaintiff alleges that he "has every right" does not make it so. (FAC 4.)

application, the website said "social security number & name don't match," and, because that had never been the case before, "[t]hat means the application was hacked in one way or another." (FAC 2.) This leap in logic is unsupported by any factual allegations, and Plaintiff provides no federal or state authority to support this cause of action.

Second, Plaintiff generally seeks relief for alleged character attacks, slander, and libel. (*Id.* at 7.) Specifically, Plaintiff alleges that "since police contact, the rumor network of police has been in full affect [sic] attempting to use negative word of mouth to discredit Plaintiff & to harm social lives of Plaintiff & others." (*Id.*) This is not enough. *See, e.g.*, *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964). Plaintiff fails to cite any statement actionable as slander or libel.

Third, Plaintiff seeks relief for alleged incidents of assault and/or battery. (FAC 7.) These charges are presumably based on the following allegations. A police officer allegedly "off camera [and] after assault . . . grabbed [Plaintiff's] tablet out of [his] hand [and] pushed Plaintiff onto [the] stairs." (*Id.* at 4.) On another occasion, a police officer "tackled, 'assaulted' the Plaintiff because he is a 'big guy.'" (*Id.* at 6.) On yet another occasion:

> That early AM as Plaintiff rolled up his tent the cops River & partner approached in unconventional manner as their squad car was parked 2 blocks away . . . . They inquired of "what was Plaintiff doing" & Plaintiff replied, "this is private property your on my land you need to please leave". They became extremely upset & demanded "sit down", proving they were sent there with agenda. The Plaintiff replied, "No this is my land I don't need to sit down", in a clam & friendly manner. Rivera then pulled her weapon & Plaintiff backed off saying "don't Taser me" then after running around in a circle like a cartoon all stopped & faced each other & Plaintiff again asserted property rights & both cops tackled the Plaintiff without resistance from Plaintiff . . . .

(*Id.* at 6–7 (grammatical and spelling errors in original).) Plaintiff's claims are implausible for at least two reasons. First, Plaintiff fails to plausibly allege that these police officers were not acting pursuant to their authority or otherwise exceeded their authority. Second,

Plaintiff fails to demonstrate how the Court would have subject-matter jurisdiction over these ostensibly state-law claims for assault and battery.[4]

The Court again finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC.

## CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC, (ECF No. 6). Plaintiff **MAY FILE** an amended complaint within <u>fourteen (14) days</u> of the date on which this Order is electronically docketed. *Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: March 9, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge

---

[4] This latter point also applies to Plaintiff's claims for slander and libel, if not others.